SUPERIOR COURT
OF THE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

August 12, 2016

Joseph A. Hurley, Esquire
Kevin P. Tray, Esquire
1215 King Street
Wilmington, Delaware 19801

Zachary A. George, Esquire
Department of Justice
102 West Water Street
Dover, Delaware 19904

Re:  *State of Delaware v. Gregory E. Ligon, Jr.*
     I.D. No. 1510016086
     Letter Decision on Defendant's Motion to Dismiss Amended Indictment

Upon consideration of the Defendant's motion to dismiss an amended indictment and the State's response thereto, it appears that:

1. On January 4, 2016, Defendant Gregory E. Ligon, Jr. ("Ligon") was indicted for a single count of vehicular assault in the first degree, six counts of vehicular assault in the second degree, and one count of driving a vehicle while under the influence of alcohol ("DUI"). As indicted, each of the seven vehicular assault charges included a *mens rea* of criminal negligence and alleged serious physical injury. On June 6, 2016, a Grand Jury re-indicted Ligon for a single count of vehicular assault in the first degree, six counts of vehicular assault in the second degree, and one count of DUI. Although the titles of the charged offenses were identical, the elements specific to the charges of vehicular assault had changed.

2. In the first count of the re-indictment, vehicular assault in the first degree, the *mens rea* was reduced from criminal negligence to negligence. Vehicular assault in the first degree is codified in 11 *Del. C.* § 629 and requires a *mens rea* of negligence as opposed to that of criminal negligence.[1] The re-indictment merely corrected the *mens rea* to comply with the statute.

3. In counts two through seven, each for vehicular assault in the second degree, the *mens rea* was reduced from criminal negligence to negligence, the damage element was changed from serious physical injury to physical injury, and the element of DUI was added. Vehicular assault in the second degree is codified in 11 *Del. C.* § 628A and contains a disjunctive sets of elements contained in two subsections.[2] If alcohol is not a factor in the alleged assault, then subsection (1) is applicable. Under

---

[1] 11 *Del. C.* § 629 states:
> A person is guilty of vehicular assault in the first degree when while in the course of driving or operating a motor vehicle and under the influence of alcohol or drugs or with a prohibited alcohol or drug content, as defined by § 4177 of Title 21, the person's negligent driving or operation of said vehicle causes serious physical injury to another person.
> Vehicular assault in the first degree is a class F felony.

[2] 11 *Del. C.* § 628A states:
> A person is guilty of vehicular assault in the second degree when:
> (1) While in the course of driving or operating a motor vehicle, the person's criminally negligent driving or operation of said vehicle causes serious physical injury to another person; or
> (2) While in the course of driving or operating a motor vehicle and under the influence of alcohol or drugs or with a prohibited alcohol or drug content, as defined by § 4177 of Title 21, the person's negligent driving or operation of said vehicle causes physical injury to another person.
> Vehicular assault in the second degree is a class A misdemeanor.

subsection (1), a person is guilty of vehicular assault in the second degree if they drive in a criminally negligent manner and cause serious physical injury to another person. However, if alcohol is a factor, then subsection (2) is applicable. Under subsection (2), a person is guilty of vehicular assault in the second degree if they operate a motor vehicle under the influence of drugs or alcohol, operate their vehicle in a negligent manner, and cause physical injury to another person. Ligon has been charged with DUI, and the re-indictment reflects the DUI charge by changing the elements of counts two through seven from those contained in subsection (1) of 11 *Del. C.* § 628A to those contained in subsection (2).

4. Article I, section 8 of the Constitution of the State of Delaware prohibits the State from initiating criminal proceedings by information when a person is arrested for an indictable offense. The Delaware Constitution thus protects citizens from unfounded State prosecutions by requiring the State to prove to a jury of the defendant's peers, a Grand Jury, that the charges are justified. At its common law roots, an indictment could only be amended by the Grand Jury that had returned the true bill. However, common law evolved to allow judicial amendments so long as those amendments did not affect the substance of the indictment.[3] Thus, Superior Court Criminal Rule 7(e) states "the court may permit an indictment or an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

5. Ligon claims that the changes to the indictment are an amendment and that

---

[3] *Id.* at 25-26.

the new indictment incorporates changes in the burden of proof. Ligon notes that the changes have come after preparing a defense based on a standard of criminal negligence, and contends that requiring a revamp of the defense based on the lower standard of negligence so close to the trial date will result in prejudice. Insomuch as the changes are the result of a re-indictment by a Grand Jury rather than an amendment approved by the Court, Ligon's claim must fail.

6. Ligon cites numerous cases that uphold the rule that the Court may not make any substantive amendment to an indictment and that only amendments as to form are allowed. Ligon is correct in stating that the Court may not make substantive amendments to the indictment, and is also correct when noting that the changes made in the re-indictment are substantive. However, the changes made in the re-indictment were not amendments approved by this Court. Rather, the changes are the result of a re-indictment issued by a duly sworn Grand Jury. Because the substantive changes in the indictment were made by the Grand Jury by way of re-indictment, Ligon still benefits from the protections envisioned in article I, section 8 of the Delaware Constitution. The State has proved to a Grand Jury that the charges against Ligon in the re-indictment are justified, and the State is now allowed to proceed to the next step in the prosecutorial process.

7. Ligon claims prejudice because he is now required to present a defense based upon negligence rather than criminal negligence and that an expert witness must now be retained to inspect Ligon's automobile. Any prejudice suffered by Ligon is wholly mitigated. The Court has granted a continuance and a new trial date

4

*State v. Gregory E. Ligon, Jr.*
I.D. No. 1510016086
August 12, 2016

has not been set. Ligon will be given the opportunity to prepare a defense based upon negligence and physical injury as opposed to criminal negligence and serious physical injury.

8. Moreover, a review of the statutory elements for Vehicular Assault in the First and Second degrees should have alerted Ligon to the possibility of re-indictment because the elements in the first indictment were misstated. The statutory burden for Vehicular Assault in the First Degree requires the State to prove DUI, negligence, and serious physical injury. Vehicular Assault in the Second Degree contains different burdens of proof depending on whether alcohol is a factor. Counsel for Ligon was aware that the State was charging Ligon with DUI, should have been aware of the statutory provisions in 11 *Del. C.* § 628A, and thus should have been prepared for a possible re-indictment based on the alcohol factor.

For the foregoing reasons, Ligon's motion to dismiss the re-indictment is **DENIED**.

IT IS SO ORDERED.

William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:  Prothonotary
xc:  Zachary A. George, Esquire
     Joseph A. Hurley, Esquire
     Kevin P. Tray, Esquire

5